IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CORE LABORATORIES LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 11-CV-1157-M |
| | § | |
| SPECTRUM TRACER SERVICES, L.L.C., | § | |
| STEVE FAUROT, and KELLY BRYSON, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

This is an action for patent infringement, misappropriation of trade secrets and copyright infringement in which Core Laboratories LP makes the following allegations against Spectrum Tracer Services, L.L.C., Steve Faurot and Kelly Bryson.

## PARTIES

1.    Plaintiff, Core Laboratories LP ("Core"), is a Delaware limited partnership with its principal place of business at 6316 Windfern Rd., Houston, TX 77040.

2.    On information and belief, Defendant, Spectrum Tracer Services, L.L.C. ("STS") is an Oklahoma Limited Liability Company with a principal place of business at 9726 E. 42nd, Ste. 123, Tulsa, OK 74146.  Service of process will be effected pursuant to Fed. R. Civ. P. 4 upon its registered agent CT Corporation System, located at 350 North St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

3.    On information and belief, Steve Faurot is an individual who is believed to reside at 15741 Cherokee Ct., Skiatook, OK 74070.  Service of process will be effected pursuant to Fed. R. Civ. P. 4.

4.   On information and belief, Kelly Bryson is an individual who is believed to reside at 3413 NW 41st St., Oklahoma City, OK 73112.  Service of process will be effected pursuant to Fed. R. Civ. P. 4.

## JURISDICTION

5.   The Court has jurisdiction over the lawsuit because the action arises under the Copyright laws of the United States.  This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a), and has personal jurisdiction over the Defendants.

6.   The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 as the suit involves citizens of different states wherein the matter in controversy exceeds the value of $75,000, exclusive of interests and costs.

7.   Venue is proper in this district under 28 U.S.C. §§ 1391(a)-(c) and 1400(a) because Defendants have conducted business in this District which gives rise to the allegations.

## FACTS

8.   The drilling technologies and services industry ("the Industry") is a highly competitive and capital intensive industry.

9.   The corporations and enterprises in the Industry fiercely compete to sell, rent, and provide products and services designed to assist their customers in exploring for and producing oil and gas.  In this regard, Core has established itself as a leader in the Industry by expending tremendous time, effort, and expense to research and develop new and improved products and services to better serve its clients.

2

10. Plaintiff Core Labs is the owner by assignment of U.S. Patent No. 6,659,175 issued December 9, 2003 (the "'175" patent), which is valid and enforceable. The '175 patent concerns, among other things, an ultra high torque double shoulder tool joint for use in well drilling services.

11. A true and correct copy of the '175 patent is attached to this Complaint as Exhibit A.

12. Plaintiff Core Labs is the owner by assignment of U.S. Patent No. 7,032,662 issued April 25, 2006 (the "'662" patent), which is valid and enforceable. The '662 patent concerns, among other things, an ultra high torque double shoulder tool joint for use in well drilling services.

13. A true and correct copy of the '662 patent is attached to this Complaint as Exhibit B.

14. Plaintiff Core practices inventions described in the '662 and '175 patent by performing chemical tracing operations in the oilfield industry within the United States.

15. Plaintiff Core is the owner of trade secrets related to a variety of well services, including radioactive tracer services. Core has developed products specifically needed for the employment of radiation tracer services. For example, Core has developed a "stinger" as shown below, the details of which are confidential and constitute trade secrets:



In addition, Core has developed proprietary pumps and stands as shown below, the details of which are confidential and constitute trade secrets:



In addition, Core has developed a proprietary "overpack" as shown below, the details of which are confidential and constitute trade secrets:

4



16. Further, Plaintiff Core is the owner of Copyrights in a published work entitled "Operating and Emergency Procedures Manual" (the "Manual"). The Manual was first published on December 13, 2005.

17. On February 7, 2011, Core registered a Copyright Registration of the Manual with the United States Copyright Office with Reg. No. TX0007290527. A true and correct copy of the Registration is attached as Exhibit C.

18. As described below, Defendants Faurot and Bryson worked for Core during the times that Core developed these products and created the copyrighted material. As further shown below, Core contends that Defendants have wrongfully appropriated this property for their own use.

19. Defendant Steve Faurot was initially employed with Plaintiff Core as early as January 3, 1997 when Defendant Faurot signed an "Employee Agreement – Inventions and Confidential Information". Defendant Faurot resigned from Core in 2008 and began working

at Defendant STS.  It was not until 2010, however, that Core learned of the allegations contained herein.

20.  On information and belief, Mr. Faurot is now president of Defendant STS.

21.  Defendant Kelly Bryson was initially employed with Plaintiff Core as early as February 14, 2001 when Defendant Bryson signed an "Employee Agreement – Inventions and Confidential Information".  Mr. Bryson was in operations at Plaintiff Core.  Defendant Bryson resigned from Core in 2010 and began working at Defendant STS as an operations manager.

22.  The agreements signed by Mr. Faurot and Mr. Bryson include acknowledgements of receipt of confidential information.  The agreements also require that for a period of two years after employment, employees will not solicit or hire employees of Core.

23.  On information and belief, Defendant STS is in the business of providing oilfield services.  On information and belief, STS provides a variety of well site services including radioactive and chemical tracer services.  *See* STS Brochure, attached as Exhibit D.  STS competes with Core in the marketplace of providing the above services.

24.  According to STS marketing material, STS provides chemical tracer services. Specifically, STS states, "[w]ith as many as 18 different chemicals and an average analysis of samples taking 2-3 days, Spectrum Tracer Services provides the necessary answers allowing the operator to utilize the information in the appropriate time period."  *See* Exhibit D.

25.  Further, on information and belief, STS has developed a competing "Stinger", "pump and stand" and "overpack" that are identical to the Core products.  STS' products are shown below:







26. STS could not have developed these products without the benefit of Core's trade secrets and confidential information, which would have been obtained during the employment of Mssrs. Faurot and Bryson.

27. On information and belief, Kelly Bryson has recruited or attempted to recruit several Core employees to work for STS. Mr. Bryson has recruited or attempted to recruit the following individuals: Craig Mosley (retired from Core on March 12, 2010; now works at STS), Bill Waters (resigned from Core on July 23, 2010; now works for STS), Chad Daniken (resigned from Core on October 27, 2010; now works for STS).

28. On information and belief, Mr. Faurot has attempted to recruit salesmen that work for Core to STS.

29. On information and belief, STS has been and still is infringing the copyright in Core's manual. STS has reproduced and distributed copies of the Manual to its customers.

30. Core brings these claims to protect its trade secrets and confidential information, which Core has developed and maintained through its time, effort and expense, and to otherwise enforce its other pertinent legal rights. Without the relief requested in this Original Complaint, Core will continue to be irreparably harmed as Defendants' conduct and actions are interfering with Core's ability to exercise exclusive control and domain over its confidential information and trade secrets.

31. The products discussed above are used by STS in its operations for chemical and radioactive tracing services. The services provide a method of determining the extent of recovery of materials injected into oil wells or subsurface formations.

32. Upon information and belief STS has been and still is infringing the '662 and '175 patents patent by implementing a method of determining the extent of recovery of materials injected into oil wells or subsurface formations that fall within the scope of at least one claim in the '662 and '175 patents.

33. Upon information and belief Plaintiff has suffered damage by reason of STS's infringement of the '662 and '175 patents and will suffer additional damage unless this Court enjoins STS from continuing such acts and initiating such acts in the future.

34. Upon information and belief STS has carried out various acts of infringement in deliberate and willful disregard of Plaintiffs' rights in the '662 and '175 patents.

## COUNT ONE – MISAPPROPRIATION OF TRADE SECRETS

35. The allegations of preceding Paragraphs above are re-alleged herein.

9

36. All of the features unlawfully copied by Defendants and its employees are trade secrets of Core. Core's trade secrets provide Core with a significant economic and competitive advantage, and constitute a unique pecuniary interest of Core.

37. Core developed the trade secrets and confidential information at issue through the expenditure of substantial time, labor, skill, and money. The trade secrets at issue are not generally known outside Core, and because this information has great value to Core, and its competitors, significant measures are taken to see that such information remains confidential. Again, this information is the result of the investment of substantial time, effort, and resources by Core. It would take a competitor, such as Defendants, substantial and significant time and effort to duplicate this information independently.

38. Defendants obtained Core's trade secrets through improper means, and used and will continue to use the trade secrets in competition with Core to gain a financial benefit.

39. As a direct and proximate result of this misappropriation and wrongful use of Core's trade secrets and confidential information, Defendants have damaged and continue to damage Core, and have gained and benefited and continue to gain and benefit as a result.

40. Because Defendants' actions were malicious and willful and in conscious disregard for Core's rights, Core is entitled to punitive damages.

41. By the unlawful conduct of Defendants, Core has already suffered substantial economic damages and continues to suffer immediate and irreparable harm that cannot be adequately compensated by an award of damages, including, without limitation, that Core will continue to suffer damage to its valuable confidential information, trade secrets, and its reputation and goodwill in the industry because Defendants have interfered with Core's ability

to control and exercise Core's domain over certain of its trade secrets and confidential information.

42. Defendants' conduct is clearly actionable under Texas and/or Oklahoma Law (78 Okla. Stat. § 85 et seq.). Therefore, Core is entitled to the injunctive relief prayed for herein and such injunctive relief is reasonably calculated to abate such conduct and will do no more than restore the parties to their status as it existed prior to Defendants' actual and threatened unlawful conduct.

43. Core therefore requests that the Court issue an order enjoining and prohibiting Defendants from disclosing and/or using, without the express written consent of Core, any confidential information and trade secrets of Core.

44. Core further requests that the Court issue an order directing Defendants to immediately return to Core all Core's trade secrets and confidential information that Defendants have in their possession, custody, or control.

45. Any prospective harm to be done by issuing the injunctive relief prayed for herein does not outweigh the substantial loss to be caused by the continued unlawful actions of Defendants. Thus, Core is entitled to obtain injunctive relief to force Defendants to refrain from their continuation of such unlawful conduct.

46. Core also seeks all damages resulting from this misappropriation and use of its confidential information, and trade secrets, including but not limited to all profits, compensation or benefits made by Defendants, and all value or other benefit of any sort obtained by Defendants in unlawfully disclosing or using this information, the cost or expense to Core of developing this confidential information and trade secrets, any loss incurred by Core because of the misappropriation, and any other appropriate relief, including exemplary

11

damages due to the fact that such conduct by Defendants has been done willfully, intentionally, and with malice. The exemplary damages Core seeks are uncapped exemplary damages pursuant to Section 41.008 of the Civil Practice and Remedies Code, which provides for uncapped exemplary damages based on conduct by Defendants which constitutes a violation of Chapter 31 of the Texas Penal Code punishable at the level of a felony of the third degree or higher, specifically Chapter 31.05.

## COUNT TWO – VIOLATION OF TEXAS
## THEFT LIABILITY ACT CPRC §134.001 ET AL

47. The allegations of preceding paragraphs are re-alleged herein.

48. As described above, Defendants have stolen Core's trade secrets and transmitted or communicated Core's trade secrets, in violation of Section 31.05 of the Texas Penal Code.

49. Defendants were aware that Core held its information related to the Stinger, the Overpack and Pump and Stand as confidential. Defendants Steve Faurot and Kelly Bryson signed employee agreements that acknowledged the receipt of confidential information.

50. Therefore, Defendants knowingly misappropriated trade secrets from Plaintiff Core. The allegations contained in this paragraph will likely have further evidentiary support after a reasonable opportunity for further investigation or discovery.

51. Defendants then knowingly made copies of the Stinger, Pump and Stand, and Overpack, which Core held as confidential and a trade secret and used these copies in competition with Core in this State and District as well as elsewhere. The allegations contained in this paragraph will likely have further evidentiary support after a reasonable opportunity for further investigation or discovery.

52. Core has suffered and continues to suffer actual losses and damages as a result of Defendants' theft of Core's trade secrets.

53. Because STS has violated the Texas Theft Liability Act, Core is entitled to recover all of its actual damages as well as all statutory damages available for such violations, including, but not limited to, its reasonable and necessary attorneys' fees and court costs incurred in this proceeding.

## COUNT THREE – UNFAIR COMPETITION

54. The allegations of preceding paragraphs are re-alleged herein.

55. Defendants are unlawfully competing against Core by Defendants' misappropriation, disclosure, and use of Core confidential, proprietary and trade secret information and/or Core proprietary products.

56. Defendants' conduct demonstrates their intent to promote Defendants' own interests at Core's expense and to Core's detriment. Core has a unique and pecuniary interest in the confidential and trade secret information and its proprietary products that Defendants unlawfully misappropriated and used. Core created this confidential and trade secret information through the expenditure of labor, skill, time, and money. Accordingly, Core is entitled to recover damages suffered as a result of Defendants' misappropriation and unfair use of Core's confidential and trade secret information.

57. Moreover, Defendants' use of Core's confidential, proprietary, and trade secret information and/or its proprietary products constitutes unfair competition which has had and will continue to have a significant negative effect on Core's business. Core believes, and therefore avers, that Defendants' unlawful use of its trade secrets and confidential information and/or its proprietary products will continue unless enjoined by order of the Court. Thus, Core is entitled to temporary and permanent injunctive relief due to the irreparable harm caused by Defendants' current and potentially future unlawful conduct.

58.  The injunctive relief prayed for herein is reasonably suited to abate such conduct and will do no more than restore the parties to their status as it existed prior to Defendants' unlawful conduct.  Any prospective harm to be done by issuing the injunctive relief prayed for herein does not outweigh the substantial loss that Core will suffer as a result of the continued unlawful actions of Defendants.

59.  Thus, Core is entitled to obtain injunctive relief to force Defendants to refrain from their continuation of such unlawful conduct.

60.  Core has been damaged and will continue to be damaged in an amount to be proven at trial by Defendants' actions described above.

61.  Because Defendants' conduct is willful, intentional, and done with malice, Core seeks exemplary damages to deter such conduct in the future.  The exemplary damages Core seeks are uncapped exemplary damages pursuant to Section 41.008 of the Civil Practice and Remedies Code, which provides for uncapped exemplary damages based on conduct by Defendants which constitutes a violation of Chapter 31 of the Texas Penal Code punishable at the level of a felony of the third degree or higher, specifically Chapter 31.05.

## COUNT FOUR – COPYRIGHT INFRINGEMENT

62.  The allegations of preceding paragraphs are re-alleged herein.

63.  Plaintiff created original manual for its Operating and Emergency Procedures. The Manual is copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101, et seq.

64.  Plaintiff has complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and with all other laws governing copyrights.

65. On information and belief, STS, Faurot and Bryson have directly copied and distributed the Manuals.

66. STS, Faurot and Bryson have willfully infringed Plaintiff's copyrighted work.

67. As a direct and proximate result of STS, Faurot and Bryson's conduct, Plaintiff has suffered, and will continue to suffer damages until relief is had.

68. Plaintiff is entitled to an award of actual damages under 17 U.S.C. § 504(a).

**COUNT FIVE – BREACH OF CONTRACT AGAINST KELLY BRYSON**

69. The allegations of preceding paragraphs are re-alleged herein.

70. Defendant Kelly Bryson was initially employed with Plaintiff Core as early as February 14, 2001 when Defendant Bryson signed an "Employee Agreement – Inventions and Confidential Information". Mr. Bryson was in operations at Plaintiff Core.

71. The employee agreement signed by Mr. Bryson includes acknowledgements of receipt of confidential information and a non-disclosure promise by Kelly Bryson.

72. Core performed its contractual obligations, including but not limited to providing Kelly Bryson with confidential information related to the business as well as the tools mentioned above. This formed a valid and enforceable contract.

73. Defendant Bryson resigned from Core in 2010 and began working at Defendant STS as an operations manager.

74. The agreement also requires that for a period of two years after employment, employees will not solicit or hire employees of Core. To the extent that this covenant is covered by the Texas Covenants Not to Compete Act, it was formed ancillary to and part of

the "Employee Agreement – Inventions and Confidential Information," which includes but is not limited to a non-disclosure agreement.

75.  To the extent that the covenant not to solicit employees is covered by the Texas Covenants Not to Compete Act, the covenant's limitations were reasonable in time, scope and geography.

76.  Upon information and belief, Kelly Bryson has recruited or attempted to recruit several Core employees to work for STS.  Mr. Bryson has recruited or attempted to recruit the following individuals: Craig Mosley (retired from Core on March 12, 2010; now works at STS), Bill Waters (resigned from Core on July 23, 2010; now works for STS), Chad Daniken (resigned from Core on October 27, 2010; now works for STS).

77.  The above actions constitute a breach of the contract signed with Core.

78.  The breach of contract by Mr. Bryson has caused injury to Core.

**COUNT SIX  - PATENT INFRINGEMENT OF U.S. PATENT NO. 6,659,175**

79.  The allegations in the preceding paragraphs of this Complaint are incorporated herein by reference as if fully set forth.

80.  Upon information and belief STS has committed acts of patent infringement by performing chemical tracing that infringe one or more claims of the '175 patent as discussed above.  Upon information and belief, Defendant STS has been and now is directly infringing the '175 Patent in this judicial district, and elsewhere in the United States.  Defendant STS is thus liable for infringement of the '175 Patent pursuant to 35 U.S.C. § 271.

81.  Upon information and belief, STS has had knowledge of the '175 patent.

82.  Upon information and belief STS's infringement of the '175 patent has been and continues to be willful.  That willful infringement entitles Plaintiff to enhanced damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT SEVEN – PATENT INFRINGEMENT OF U.S. PATENT NO. 7,032,662

83.  The allegations in the preceding paragraphs of this Complaint are incorporated herein by reference as if fully set forth.

84.  Upon information and belief STS has committed acts of patent infringement by performing chemical tracing that infringe one or more claims of the '662 patent as discussed above.  Upon information and belief, Defendant STS has been and now is directly infringing the '662 Patent in this judicial district, and elsewhere in the United States.  Defendant STS is thus liable for infringement of the '662 Patent pursuant to 35 U.S.C. § 271.

85.  Upon information and belief, STS has had knowledge of the '662 patent.

86.  Upon information and belief STS's infringement of the '662 patent has been and continues to be willful.  That willful infringement entitles Plaintiff to enhanced damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT EIGHT – REQUEST FOR INJUNCTION AGAINST STS, FAUROT AND BRYSON FOR MISAPPROPRIATION OF TRADE SECRETS

87.  The allegations of preceding paragraphs are re-alleged herein.

88.  Plaintiff asks the Court to issue a preliminary and permanent injunction against STS, Faurot and Bryson from continued use or publication of Core's Trade Secrets.  Without the relief requested in this Original Complaint, Core will continue to be irreparably harmed as

Defendants' conduct and actions are interfering with Core's ability to exercise exclusive control and domain over its confidential information and trade secrets.

## COUNT NINE – REQUEST FOR INJUNCTION AGAINST STS, FAUROT AND BRYSON FOR COPYRIGHT INFRINGEMENT

89.  The allegations of preceding paragraphs are re-alleged herein.

90.  Plaintiff asks the Court to issue a preliminary and permanent injunction against STS, Faurot and Bryson from continued use or publication of Core's copyrighted material. Without the relief requested in this Original Complaint, Core will continue to be irreparably harmed as Defendants' conduct and actions are interfering with Core's ability to exercise exclusive control and domain over its Copyright.

## COUNT TEN – REQUEST FOR INJUNCTION AGAINST STS FOR PATENT INFRINGEMENT

91.  The allegations of preceding paragraphs are re-alleged herein.

92.  Plaintiff asks the Court to issue a preliminary and permanent injunction against STS from continued infringement of Core's patents.  Without the relief requested in this Original Complaint, Core will continue to be irreparably harmed as Defendants' conduct and actions are interfering with Core's ability to exercise exclusive control and domain over its patent rights.

## JURY REQUESTED

93.  Pursuant to FRCP 38(b), Plaintiff requests a trial by jury.

## PRAYER

For these reasons, Plaintiff asks this Court to:

(a)     Enter a judgment that one or more claims of United States Patent No. 6,659,175 have been infringed, either literally and/or under the doctrine of equivalents, by

STS and/or by others to whose infringement STS have contributed and/or by others whose infringement has been induced by STS;

(b) Enter a judgment that one or more claims of United States Patent No. 7,032,662 have been infringed, either literally and/or under the doctrine of equivalents, by STS and/or by others to whose infringement STS have contributed and/or by others whose infringement has been induced by STS;

(c) Enjoin STS from continued use of Core's trade secrets;

(d) Enjoin STS from infringement of Core's copyrights;

(e) Enjoin STS from infringement of Core's patents;

(f) Enjoin Mr. Faurot from continued use of Core's trade secrets;

(g) Enjoin Mr. Faurot from infringement of Core's copyrights;

(h) Enjoin Mr. Bryson from continued use of Core's trade secrets;

(i) Enjoin Mr. Bryson from infringement of Core's copyrights;

(j) Enjoin Mr. Bryson from soliciting employees from Core for the duration of his initial contract with Core;

(k) Award actual damages for copyright infringement, including an assessment of interest;

(l) Award damages and exemplary damages for trade secret misappropriation, including an assessment of interest;

(m) Award damages patent infringement in the amount no less than a reasonable royalty as provided by 35 U.S.C. § 284;

(n) Grant Core Laboratories pre-judgment and post-judgment interest on the damages caused to it by reason of STS' infringing activities and other conduct complained of herein;

(o) Declare this an exceptional case and award Core Laboratories enhanced damages, its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

(p) Award reasonable attorneys' fees and costs under any other the applicable statute; and

(q) Grant Core Laboratories such other and further relief as the Court may deem just and proper under the circumstances including, but not limited to, supplemental damages and/or an accounting for any infringing acts not covered by any damages verdict entered in this action and for any post-verdict and/or post-injunction infringing acts.

Respectfully submitted,


/s/      C. Russell Woody
Drew Neville, OBA #6641
C. Russell Woody, OBA #21413
HARTZOG CONGER CASON & NEVILLE
201 Robert S. Kerr Avenue, Suite 1600
Oklahoma City, Oklahoma 73102
Telephone:     (405) 235-7000
Facsimile:      (405) 996-3403
dneville@hartzoglaw.com
rwoody@hartzoglaw.com

and


Michael O. Sutton
Texas State Bar No. 19535300
*Admission pro hac vice pending*
Nathan C. Dunn
Texas State Bar No. 24036509
*Admission pro hac vice pending*
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis St., Suite 2800
Houston, Texas 77002
713-226-1200, Telephone
713-223-3717, Facsimile
msutton@lockelord.com
ndunn@lockelord.com


ATTORNEYS FOR PLAINTIFF,
CORE LABORATORIES LP

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November, 2011, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant(s):

J. Christopher Davis
The Davis Law Firm of Oklahoma
15 W 6th St, Suite 2200
Tulsa, OK 74119
918-382-4343
Fax: 918-584-6645
cdavis@johnson-jones.com

ATTORNEYS FOR DEFENDANTS,
SPECTRUM TRACER SERVICES, LLC;
STEVE FAUROT; AND KELLY BRYSON

I hereby certify that I served, by United States Postal Service First Class Mail, the following parties, who are not ECF registrants in this matter:

Barclay Nicholson
Fulbright & Jaworski LLP
1301 McKinney
Suite 5100
Houston, TX 77010-3095
(713) 651-5151
Fax: (713) 651-5246

ATTORNEYS FOR DEFENDANTS,
SPECTRUM TRACER SERVICES, LLC;
STEVE FAUROT; AND KELLY BRYSON

/s/      C. Russell Woody
C. Russell Woody