## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CORE LABORATORIES, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1157-M |
| | ) | |
| SPECTRUM TRACER SERVICES, L.L.C., | ) | |
| STEVE FAUROT AND KELLY BRYSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Preliminary Injunction, filed January 19, 2012. On February 9, 2012, defendants filed their response, and on February 16, 2012, plaintiff filed its reply. On March 15, 2012, the Court conducted a hearing on plaintiff's motion.

I.    Background

Plaintiff Core Laboratories, LP ("Core") is a Delaware limited partnership with its principal place of business in Houston, Texas. Core is a provider of proprietary and patented reservoir description, production enhancement, and reservoir management services. One of the services provided by Core is a chemical tracer service which enables owners of oil wells to determine how much of a given material is left in an oil well after a drilling, or any other operation requiring the injection of material into an oil well. Defendants Steve Faurot ("Faurot") and Kelly Bryson ("Bryson") were employed by Core for 15 and 9 years respectively. During the course of their employment with Core, Faurot and Bryson both signed an "Employee Agreement - Inventions and Confidential Information". The agreements required that for a period of two years after employment, defendants Faurot and Bryson were not to solicit or hire employees of Core.

1

Defendants Faurot resigned his position with Core in 2008 and Bryson resigned in 2010 and both are now employed by defendant Spectrum Tracer Services LLC, ("Spectrum").

Spectrum is an Oklahoma Limited Liability Company formed in 2010 with its principal place of business in Tulsa, Oklahoma. Spectrum provides "tracing" services to the oil and gas exploration industry. The "tracing industry" is a support industry which provides diagnostic services to the oil exploration industry by using "frac-ing" which is the process of using hydraulic pressure to force cracks, or fractures into oil and gas bearing rock formation, with the goal of increasing the commercial viability of the reserve potential for oil and gas drilling sites. Core and Spectrum both provide this tracing service.

Core is the owner of U.S. Patent No. 6, 659,175 ("patent 175") issued December 9, 2003, and U.S. Patent No. 7,032,662 ("662"), issued April 25, 2006. Defendants Faurot and Bryson worked for Core during the times that Core developed and created patents 175 and 662. This case was originally filed in March 2011, in the Western District of Texas, Waco Division. The original complaint, First Amended Complaint, and the Second Amended Complaint, all filed in the Western District of Texas alleged misappropriation of trade secrets, violation of the Texas Theft Liability Act, unfair competition, copyright infringement, and breach of contract. Plaintiff's Third Amended Complaint now alleges claims of patent infringement, misappropriation of trade secrets and copyright infringement.

Core now moves the Court to enjoin defendants Faurot, Bryson and Spectrum ("defendants") from unlawful use of its patents causing it irreparable injury. Specifically, Core contends it is losing market share and vital client relationships due to defendants' improper actions. Core contends Spectrum has permanently altered its commercial relationships through its ability to unlawfully

2

provide protected services in direct competition with Core.

II.   Discussion

A movant seeking a preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest.  *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001).  "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."  *Id.* (internal citation omitted).  Whether to grant a preliminary injunction rests within the sound discretion of the trial court.  *See United States v. Power Eng'g Co.*, 191 F.3d 1224, 1230 (10th Cir. 1999).  "Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered."  11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d ed. 1995).

"A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain."  *Dominion Video*, 269 F.3d at 1156.

> Determining whether irreparable harm exists can be a difficult and close question.  We have noted that [t]he concept of irreparable harm . . . does not readily lend itself to definition, nor is it an easy burden to fulfill.  In defining the contours of irreparable harm, case law indicates that the injury must be both certain and great, and that it must not be merely serious or substantial.

*Id.* at 1262 (internal quotations and citations omitted).

Based upon the testimony and evidence presented at the hearing, the Court finds Core has

3

not met its burden of showing irreparable injury if the injunction is denied.  Specifically, the Court finds that any harm Core has suffered or may suffer as a result of defendants' unlawful use of Core's patent protected services can be adequately remedied through an award of monetary damages.  At the hearing, Faurot testified that defendants were supplying a chemical tracing service but that the service they used was not part of Core's patent.  Faurot testified that the chemicals themselves are not patented nor is the use of such chemicals to do tracing patented.  Additionally, at the hearing there was no evidence presented as to any specific customer relationship that was altered by the alleged actions of defendants; to the contrary, Tom Hampton, president of Core's ProTechnics division, testified that due to the increase in the industry Core was in fact unable to provide service to prospective customers because of the increase in business.  Additionally, the Court finds that Core has not shown that any injury to its good will or name is certain or great.  Mr. Hampton's conclusory statement of harm is simply not enough to satisfy Core's burden to show that its right to relief is clear and unequivocal.

The Court, therefore, finds that Core's motion for a preliminary injunction should be denied.[1]

---

[1]Because all four requirements for a preliminary injunction must be satisfied, and because the Court finds Core has failed to satisfy the irreparable injury requirement, the Court declines to address the remaining three requirements.

4

III.     Conclusion

For the reasons set forth above, the Court DENIES Core's Motion for Preliminary

Injunction [docket no.53].

**IT IS SO ORDERED this 27th day of March, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE