**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CORE LABORATORIES, LP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-1157-M |
| ) | |
| SPECTRUM TRACER SERVICES, L.L.C., ) | |
| STEVE FAUROT AND KELLY BRYSON, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendants' Opposed Motion to Stay Litigation Pending Reexamination in U.S. Patent and Trademark Office, filed November 28, 2012. Plaintiff's response in opposition was filed December 19, 2012. On December 28, 2012, defendants' reply was filed. Plaintiff's surreply was filed on January 8, 2013.

I.    Background

Plaintiff Core Laboratories, LP ("Core") is a Delaware limited partnership with its principal place of business in Houston, Texas. Core is a provider of proprietary and patented reservoir description, production enhancement, and reservoir management services. One of the services provided by Core is a chemical tracer service which enables owners of oil wells to determine how much of a given material is left in an oil well after a drilling, or any other operation requiring the injection of material into an oil well. Defendants Steve Faurot ("Faurot") and Kelly Bryson ("Bryson") were employed by Core for 15 and 9 years respectively. During the course of their employment with Core, Faurot and Bryson both signed an "Employee Agreement - Inventions and Confidential Information" agreement. The agreements required that for a period of two years after

employment, defendants Faurot and Bryson were not to solicit or hire employees of Core. Defendant Faurot resigned his position with Core in 2008, and defendant Bryson resigned in 2010. Both are now employed by defendant Spectrum Tracer Services LLC, ("Spectrum").

Spectrum is an Oklahoma Limited Liability Company formed in 2010 with its principal place of business in Tulsa, Oklahoma. Spectrum provides "tracing" services to the oil and gas exploration industry. The "tracing industry" is a support industry which provides diagnostic services to the oil exploration industry by using "frac-ing" which is the process of using hydraulic pressure to force cracks, or fractures, into a oil and gas bearing rock formation, with the goal of increasing the commercial viability of the reserve potential for oil and gas drilling sites. Core and Spectrum both provide this tracing service.

Core is the owner of U.S. Patent No. 6,659,175 ("Patent 175") issued December 9, 2003, and U.S. Patent No. 7,032,662 ("Patent 662"), issued April 25, 2006. Defendants Faurot and Bryson worked for Core during the times that Core developed and created Patents 175 and 662. In plaintiff's Third Amended Complaint it alleges against defendants claims of patent infringement, misappropriation of trade secrets and copyright infringement.

Section 103 of Title 35 of the United States Code forbids issuance of a patent when "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103. "A patent is presumed valid and the burden of establishing invalidity rests on the party asserting such invalidity." *Uniroyal, Inc. v. Rudkin-Wiley Corp.,* 837 F.2d 1044, 1050 (Fed. Cir. 1988). On November 16, 2012, defendants re-submitted Patent 175 and Patent 662 to the U.S. Patent &

Trademark Office ("PTO") on the issue of validity. Defendants now move the Court to stay this case pending the reexamination of Patents 175 and 662 by the PTO.

III.  Discussion

Defendants' claim of invalidity is based on their contention that certain prior art renders the subject Patents invalid because they were "anticipated" under 28 U.S.C. § 102 and/or "obvious" under 28 U.S.C. § 103. Defendants contend the prior art issue was not submitted to or previously addressed by the PTO during prosecution of the 175 or 662 Patents. Defendants also contend the issue of invalidity has not been addressed by this Court, but will bear significantly upon this litigation. Plaintiff objects to the requested stay of this litigation pending reexamination by the PTO because the trial in this matter is eight (8) months away and a substantial amount of discovery has been conducted. Plaintiff also contends to grant the requested stay would cause it to suffer undue prejudice. Specifically, plaintiff contends during any stay, defendants would be free to continue infringing, creating additional price erosion and detriment to plaintiff's market share. Finally, plaintiff contends with a stay witnesses' memories will fade and evidence will be lost.

IV.  Standards of Review

As a general rule, "the power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United Steelworkers of Am. v. Or. Steel Mills, Inc.,* 322 F.3d 122, 1227 (10th Cir. 2003) (quoting *Landis v. North Am. Co.,* 229 U.S. 248, 254 (1936)). The granting of a stay ordinarily lies within the discretion of the district court. *See Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963). In determining whether to stay most Courts consider: " (1) whether the [movant] is likely to prevail in the related proceedings; (2) whether, absent a stay, the [movant]

will suffer irreparable harm; (3) whether the issuance of the stay will cause substantial harm to the other parties to the proceeding; and (4) the public interest at stake." *United Steelworkers,* 322 F.3d at 1227  (citing *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977)).

In cases where a party seeks a stay of a patent infringement action pending the PTO's reexamination of the subject patent's validity, courts have developed specific standards. "Although the commencement of reexamination proceedings does not operate as an automatic stay of federal court litigation involving identical claims, a district court retains the authority, pursuant to its inherent power to control and manage its docket, to stay an action pending the outcome of reexamination proceedings before the PTO." *See Titan Holdings, LLC v. Under Armour, Inc.,* 2012 WL 2885768, at *2 (W.D. Okla. July 13, 2012) (citations omitted).  In the context of a reexamination district courts "often consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage for the non-moving party. " *Id.*  Based on these standards courts routinely issue stays pending the outcome of reexamination proceedings. Additionally, because the PTO is considered to have expertise in deciding patent infringement issues and tend to settle patent validity disputes more quickly and less expensively "many courts have preferred  to postpone making final decisions on infringement until PTO rules on issues before it." *Id.* at * 2-3. Finally, "because the PTO is not bound by a trial court's validity determination, that determination could be rendered moot by the PTO reexamination proceeding, thus further complicating the litigation process." *Id.*

V.      Conclusion

For the foregoing reasons, the Court concludes that this action should be stayed and administratively closed until such time as the PTO completes its reexamination proceedings. Specifically, the Court finds that even though there has been discovery and a trial date has been set in this matter, plaintiff has failed to establish how it would in fact be unduly prejudiced by the granting of a stay at this time. Additionally, the Court finds to wait for the PTO to resolve the issue of validity of the relevant patents will simplify the issues in question and facilitate the trial of this case. Accordingly, Defendants' Opposed Motion to Stay Litigation Pending Reexamination in U.S. Patent and Trademark Office [docket no. 117] is GRANTED. This action is stayed until the PTO reexamination proceeding is completed. The action is administratively closed without prejudice to the rights of the parties to seek to reopen it during the period of administrative closure for any meritorious purpose. The parties are directed to jointly file a monthly notice, beginning March 8, 2013, with the Court to advise of the progress of the PTO proceeding. No later than 14 days after the completion of the PTO proceeding, the parties are directed to notify the Court of the resulting decision. At that time, either party may seek to reopen this proceeding to request further action by the Court in light of the PTO decision. In light of the Court's decision, Defendants' Application to

Take Judicial Notice of Plaintiff's Filings with U.S. Patent & Trademark Office [docket no. 127] and Defendants' Unopposed Motion for Leave to File Second Amended Answer [docket no. 128] are moot.

**IT IS SO ORDERED this 8th day of February, 2013.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE