IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CORE LABORATORIES, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1157-M |
| | ) | |
| SPECTRUM TRACER SERVICES, L.L.C., | ) | |
| STEVE FAUROT AND KELLY BRYSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff's Emergency Motion to Sever, to Lift Stay, and for Preliminary Injunction, filed February 15, 2013. Defendants' response was filed on February 27, 2013. Based upon the parties' submissions, the Court makes its determination.

I.      Background

Plaintiff Core Laboratories, LP ("Core") is a Delaware limited partnership with its principal place of business in Houston, Texas. Core is a provider of proprietary and patented reservoir description, production enhancement, and reservoir management services. One of the services provided by Core is a chemical tracer service which enables owners of oil wells to determine how much of a given material is left in an oil well after a drilling, or any other operation requiring the injection of material into an oil well. Defendants Steve Faurot ("Faurot") and Kelly Bryson ("Bryson") were employed by Core for 15 and 9 years respectively. During the course of their employment with Core, Faurot and Bryson both signed an "Employee Agreement - Inventions and Confidential Information". The agreements required that for a period of two years after employment, Faurot and Bryson were not to solicit or hire employees of Core. Faurot resigned his

position with Core in 2008 and Bryson resigned in 2010, and both are now employed by defendant Spectrum Tracer Services LLC, ("STS").

STS is an Oklahoma Limited Liability Company formed in 2010 with its principal place of business in Tulsa, Oklahoma. STS provides "tracing" services to the oil and gas exploration industry. The "tracing industry" is a support industry which provides diagnostic services to the oil exploration industry by using "frac-ing" which is the process of using hydraulic pressure to force cracks, or fractures, into oil and gas bearing rock formation, with the goal of increasing the commercial viability of the reserve potential for oil and gas drilling sites. Core and STS both provide this tracing service.

Core is the owner of U.S. Patent No. 6, 659,175 ("patent 175") issued December 9, 2003, and U.S. Patent No. 7,032,662 (" patent 662"), issued April 25, 2006. Faurot and Bryson worked for Core during the times that Core developed and created patents 175 and 662. This case was originally filed in March 2011, in the Western District of Texas, Waco Division. The original complaint, First Amended Complaint, and the Second Amended Complaint, all filed in the Western District of Texas, alleged misappropriation of trade secrets, violation of the Texas Theft Liability Act, unfair competition, copyright infringement, and breach of contract. Core's Third Amended Complaint now alleges claims of patent infringement, misappropriation of trade secrets and copyright infringement.

On January 19, 2012, Core's first Motion for Preliminary Injunction was filed to enjoin defendants from the unlawful use of its confidential and proprietary information causing it irreparably injury. After a hearing on Core's first motion for preliminary injunction, the Court denied said motion because Core failed to meet its burden of showing irreparable harm if the

injunction were denied.

On February 8, 2013, the Court granted defendants' motion to stay this litigation pending reexamination in the United States Patent and Trademark Office ("USPTO").  On March 3, 2013, the parties jointly filed notice of their completion of briefing before the USPTO.

Core now moves the Court a second time to enjoin defendants, to sever claims and to lift the stay in this case.  Again, Core contends the Court should grant the requested relief because it will suffer irreparable injury if the requested injunction is denied.

II.     Discussion

Core contends it recently received information from a "whistleblower" that defendant STS continues to use its confidential and proprietary information.  Specifically, Core contends the "whistleblower" has informed them that defendants are now using a software application to infringe upon its tracing services' trade secrets.  Core contends the severance of its non-patent claims is necessary in this case in order to serve the ends of justice.  Specifically, Core asserts it must be given an opportunity to investigate and verify the "whistleblower" evidence that defendants continue to posses and use its confidential information and trade secrets.  Core contends it is unjust to allow this situation to continue while waiting on the outcome of the USPTO reexamination considering the non-patent claims present different questions of law and fact.

Defendants argue the Court has previously ruled upon Core's motion to sever all non-patent related claims.  Specifically, defendants point out that in response to their motion to stay, Core argued the stay should not be granted because there are non-patent related claims that should not be stayed.  Defendants contend the only difference now is that Core has based its motion upon a secretly-recorded conversation with a purported "whistleblower" who is an employee of STS.

Defendants also contend there is no new danger of irreparable harm warranting a preliminary injunction and that Core's claims are the same as in its first, second and third amended complaint as well as its response to defendant's motion to stay.

In support of its motion, Core cites Rule 21 of the Federal Rules of Civil Procedure. Rule 21 states:

> **Misjoinder and Nonjoinder of Parties**
>
> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.

Upon review of the parties' submissions and the file in this case, it appears the Court has previously addressed Core's request to sever certain claims. In Core's response in opposition to defendants' motion to stay, Core argues certain patent and non patent claims will likely survive even after reexamination and will require adjudication. On February 8, 2013, the Court stayed and administratively closed this case pending the USPTO's reexamination. The Court held that the resolution of the validity issue as to the relevant patents would simplify the issues in this case and facilitate any trial that subsequently occurred. Additionally, the Court decided Core had failed to establish how in fact it would be unduly prejudiced by the granting of the stay.

As to Core's Emergency Motion to Sever, to Lift Stay and for Preliminary Injunction, the Court finds that Core's reliance on Rule 21 in support of said motion is misplaced. Specifically, Core now seeks an order from the Court lifting its February 8, 2013 stay as to certain claims presented in this lawsuit and the issuance of a preliminary injunction prohibiting the alleged unlawful use of its confidential and proprietary information. Rule 21 does not provide for such

relief.

On November 18, 2011, in its Third Amended Complaint, Core alleges this is an action for "patent infringement, misappropriation of trade secrets and copyright infringement" and that if a preliminary injunction is not issued Core will suffer irreparable harm. *See* Third Amended Complaint, page 1and pages 17-18. On January 19, 2012, Core's first Motion for Preliminary Injunction was filed. On March 27, 2012, the Court denied Core's first Motion for Preliminary Injunction finding Core did not meet its burden of showing irreparable injury.

A movant seeking a preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Id.* (internal citation omitted). Whether to grant a preliminary injunction rests within the sound discretion of the trial court. *See United States v. Power Eng'g Co.*, 191 F.3d 1224, 1230 (10th Cir. 1999).[1]

In the instant motion for preliminary injunction, Core makes the same arguments based on the same facts but now submits it has new evidence which proves its confidential trademark is also being unlawfully used. Based upon the submissions of the parties and the court file in this case, the Court finds that Core has failed to submit any new bases for its claim that it will suffer irreparable injury if its second motion for preliminary injunction is denied. The Court finds the only new or

---

[1] Because all four requirements for a preliminary injunction must be satisfied, and because the Court ruled Core had failed to satisfy the irreparable injury requirement, the Court declined to address the remaining three requirements.

different evidence presented in support of Core's second motion for preliminary injunction is the alleged method by which defendants are allegedly misappropriating its patents, trade secrets and copyrighted material.  Based upon the evidence presented, the Court finds Core has not met its burden of showing irreparable injury if the instant preliminary injunction is denied.  Specifically, the Court finds that any harm Core has suffered or may suffer as a result of defendants' unlawful use of the proprietary and confidential information can be adequately remedied through an award of monetary damages.

The Court, therefore, finds that Plaintiff's Emergency Motion to Sever, to Lift Stay, and for Preliminary Injunction [docket no. 132] is DENIED.  In light of the Court's Order, the Court further finds Plaintiff's Motion for Leave to Submit Documents for In Camera Inspection [docket no. 131] is MOOT.

**IT IS SO ORDERED this 13th day of March, 2013.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE