IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORE LABORATORIES, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-1157-M |
| | ) |
| SPECTRUM TRACER SERVICES, L.L.C., | ) |
| STEVE FAUROT and KELLY BRYSON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Renewed Motion to Sever and Lift Stay ("Mot."), filed September 27, 2013. On October 18, 2013, defendants Spectrum Tracer Services, L.L.C. and Steve Faurot responded[1], and on October 25, 2013, plaintiff replied. Based on the parties' submissions, the Court makes its determination.

I.  Background

Plaintiff Core Laboratories, LP ("Core") is a Delaware limited partnership with its principal place of business in Houston, Texas. Core is a provider of proprietary and patented reservoir description, production enhancement, and reservoir management services. One of the services provided by Core is a chemical tracer service which enables owners of oil wells to determine how much of a given material is left in an oil well after a drilling, or any other operation requiring the injection of material into an oil well. Defendants Steve Faurot ("Faurot") and Kelly Bryson ("Bryson") were employed by Core for 15 and 9 years respectively. During the course of their employment with Core, Faurot and Bryson both signed an "Employee

---

[1] The Court granted defendant Kelly Bryson, who is currently *pro se* in this litigation, until November 25, 2013, to respond to plaintiff's motion. A review of the record reveals no response has been filed on behalf of Mr. Bryson.

Agreement - Inventions and Confidential Information". The agreements required that for a period of two years after employment, Faurot and Bryson were not to solicit or hire employees of Core. Faurot resigned his position with Core in 2008, and Bryson resigned in 2010. At the commencement of this litigation, both Faurot and Bryson were employed by defendant Spectrum Tracer Services, L.L.C. ("STS").

STS is an Oklahoma limited liability company formed in 2010 with its principal place of business in Tulsa, Oklahoma. STS provides "tracing" services to the oil and gas exploration industry. The "tracing industry" is a support industry which provides diagnostic services to the oil exploration industry by using "frac-ing" which is the process of using hydraulic pressure to force cracks, or fractures, into oil and gas bearing rock formation, with the goal of increasing the commercial viability of the reserve potential for oil and gas drilling sites. Core and STS both provide this tracing service.

Core is the owner of U.S. Patent No. 6,659,175 ("patent 175"), issued December 9, 2003, and U.S. Patent No. 7,032,662 ("patent 662"), issued April 25, 2006. Faurot and Bryson worked for Core during the times that Core developed and created patents 175 and 662. This case was originally filed in March 2011, in the Western District of Texas, Waco Division. The original complaint, First Amended Complaint, and the Second Amended Complaint, all filed in the Western District of Texas, alleged misappropriation of trade secrets, violation of the Texas Theft Liability Act, unfair competition, copyright infringement, and breach of contract. Core's Third Amended Complaint now alleges claims of patent infringement, misappropriation of trade secrets and copyright infringement.

On January 19, 2012, Core's first Motion for Preliminary Injunction was filed to enjoin defendants from the unlawful use of its confidential and proprietary information causing it

irreparable injury. After a hearing on Core's first motion for preliminary injunction, the Court denied said motion because Core failed to meet its burden of showing irreparable harm if the injunction were denied.

On November 28, 2012, STS filed its motion to stay the litigation before this Court until completion of the United States Patent and Trademark Office's ("USPTO") reexaminations. STS's motion was granted by the Court on February 8, 2013. On March 3, 2013, the parties jointly filed notice of their completion of briefing before the USPTO.

On February 16, 2013, Core filed an emergency motion to sever, to lift stay, and for preliminary injunction. Core stated that it had recently received a communication from a STS employee establishing that STS improperly and unlawfully possessed confidential, trade secret, and proprietary software systems developed by Core and that STS was taking steps to copy and implement the Software Application for itself. On March 13, 2013, after reviewing the submissions of the parties, the Court denied Core's emergency motion, denying the requested preliminary injunction and declining to lift the stay. On March 20, 2013, Core's notice of appeal from the Court's March 13, 2013 Order denying Core's Emergency Motion to Sever, to Lift Stay, and for Preliminary Injunction was filed.

On August 7, 2013, the United States Court of Appeals for the Federal Circuit issued its Order reversing the denial of the emergency request for preliminary injunction as to Core's trade secret and proprietary information and remanding with instructions to grant the motion forthwith. On August 13, 2013, the Court granted Core's Emergency Motion for Preliminary Injunction and enjoined defendants from copying, implementing, or otherwise using Core's Software Application, a trade secret belonging to Core, as well as any other confidential and trade secret information within the Software Application, including Core's price lists and customer lists.

Now, Core renews its motion to sever this lawsuit, lift the stay currently in place, and allow discovery and trial of the non-patent claims in this case. Specifically, Core asserts that "[i]n light of the Federal Circuit's finding that Spectrum's possession and use of Core's trade secrets constitute irreparable injury as a matter of law, this Court should exercise its discretion to lift the stay so that the case may proceed." Core's Mot. at 6 (citing *Core Lab. LP v. Spectrum Tracer Serv., L.L.C., et al.,* No. 2013-1263, at 9-11 (Fed. Cir. Aug. 7, 2013)). Defendants assert that there is no basis for this Court to lift the stay and sever the patent and non-patent claims.

Having carefully reviewed the parties' submissions, and in light of the Federal Circuit's findings, in *Core Lab. LP v. Spectrum Tracer Serv., L.L.C., et al.,* No. 2013-1263 (Fed. Cir. Aug. 7, 2013) that: (1) Core did establish irreparable harm as a matter of law and (2) "the circumstances are sufficiently changed that review of the severance and stay may be warranted" (*Id.* at 13), the Court finds the current stay in this case as to the non-patent claims should be lifted. Accordingly, the Court GRANTS Plaintiff's Renewed Motion to Sever and Lift Stay [docket no. 155], VACATES the Court's February 8, 2013 Order as to the non-patent claims in this case, and GRANTS IN PART and DENIES IN PART Defendants' Opposed Motion to Stay Litigation Pending Reexamination in U.S. Patent and Trademark Office [docket no 117] as follows: The Court will REOPEN this case as to the non-patent claims and the patent claims currently before the U.S. Patent and Trademark Office will remain STAYED.

**IT IS SO ORDERED this 18th day of December, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE