# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORE LABORATORIES LP, | ) |
|       Plaintiff, | ) |
| v. | )    Case No. CIV-11-1157-M |
| SPECTRUM TRACER SERVICES, L.L.C., STEVE FAUROT, and KELLY BRYSON, | ) |
|       Defendants. | ) |

## ORDER

Before the Court is Defendants Spectrum Tracer Services, L.L.C. and Steve Faurot's (collectively "Defendants") Motion for Sanctions Regarding Untimely Disclosed Evidence by Defendant Kelly Bryson ("Bryson") ("Motion for Sanctions"), filed October 23, 2015. On November 4, 2015, plaintiff responded, and on November 11, 2015, Defendants replied. Also before the Court is Defendants' Motion to Compel Production of Documents and Communication Received by Core Laboratories, LP from Kelly Bryson ("Defendants' Motion to Compel"), filed October 26, 2015. On October 30, 2015, plaintiff responded. Also before the Court is Plaintiff's Motion for Leave to Submit Documents for *In Camera* Review ("Motion for *In Camera* Review"), filed October 30, 2015. On November 6, 2015, Defendants responded. Also before the Court is Plaintiffs' Motion to Compel Documents and Testimony from Kelly Bryson, filed November 18, 2015 ("Plaintiff's Motion to Compel"). On December 9, 2015 Defendants responded; on December 16, 2015, plaintiff replied, and on January 11, 2016, Defendants filed their sur-reply. Lastly, before the Court is Defendants' Motion to Quash Notice of Second Deposition of Bryson and Motion for Protective Order Preventing Further Discovery

and Brief in Support Thereof ("Motion to Quash"), filed January 7, 2016. On January 12, 2016, plaintiff responded. Based on the parties' submissions, the Court makes its determination.

I.      Defendants' Motion for Sanctions

Defendants move this Court for an order prohibiting Bryson and plaintiff from introducing evidence produced subsequent to the expiration of the discovery period deadline in this matter, and prohibiting Bryson from testifying regarding matters to which he has previously asserted his Fifth Amendment right not to answer.[1] Specifically, Defendants seek sanctions against Bryson and contends that Bryson should be unable to now waive his Fifth Amendment privilege so close to trial.[2] Plaintiff contends Defendants are no longer subject to being prejudiced by the evidence disclosed by Bryson, after the discovery deadline, since the Court has continued this matter to its February 2016 trial docket.

Having carefully reviewed the parties' submissions, the Court finds that based on its October 27, 2015 Order allowing plaintiff's new exhibits to be included in the Pretrial Report, which included the untimely evidence disclosed by Bryson, Bryson should not be subject to sanctions for producing this evidence after the discovery deadline. Specifically, the Court finds that since this matter has been continued to the Court's February 2016 trial docket, Defendants have had time to review the documents produced by Bryson and included in the Pretrial Report.

---

[1] Prior to October 20, 2015, Bryson invoked his Fifth Amendment right against self-incrimination with regards to his responses in the August 18, 2015 deposition, his responses to Request for Admissions, and other discovery documents. However, on October 20, 2015, Defendants were informed by plaintiff's counsel, via email, that Bryson had sent documents to plaintiff that plaintiff intended to include on its exhibit list in the Pretrial Report. The Court in its October 27, 2015 Order denied Defendants' motion to strike exhibits and allowed the exhibits to be included in the Pretrial Report.

[2] Originally, when Defendants filed this motion, this matter was scheduled for trial on the Court's November 2015 trial docket. Subsequent to Defendants filing this motion, the Court continued this matter to its February 2016 trial docket.

2

Further, the Court will not prohibit Bryson from testifying in this matter. Therefore, the Court finds Defendants' Motion for Sanctions should be denied.

II.     Defendants' Motion to Compel and Plaintiff's Motion for *In Camera* Review

Defendants move the Court for an order compelling all communications between Bryson and plaintiff's counsel. Defendants contend that these communications are responsive to Defendants' Request for Production and relevant to this litigation; particularly any settlement discussions between Bryson and plaintiff's counsel may show Bryson's motivations for now waiving his Fifth Amendment right and producing evidence to plaintiff. Plaintiff contends that it has produced all relevant communications (between plaintiff's counsel and Bryson) to Defendants. Additionally, plaintiff contends that any settlement communications between Bryson and plaintiff are confidential and privileged. Further, plaintiff has filed a motion for leave to submit the communications between its counsel and Bryson, not produced, to the Court for an *in camera* review for the Court to determine if any of the communications not produced by plaintiff should be produced. Defendants object to any documents being submitted to the Court for an *in camera* review.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has produced all relevant communications between Bryson and plaintiff's counsel to Defendants. Specifically, the Court finds that Defendants, in their Motion to Compel, admitted that on October 23, 2015, plaintiff's counsel transmitted all documents produced by Bryson to Defendants. While Defendants contend that plaintiff did not transmit all communications between Bryson and plaintiff's counsel, the Court finds that Defendants fail to show how the communications not produced by plaintiff were relevant to this litigation. Further, the Court finds that any specific communications between plaintiff and Bryson regarding settlement

3

discussions/negotiation are not discoverable, and the mere fact that plaintiff has produced evidence stating that there had been preliminary settlement discussions between Bryson and plaintiff is sufficient to show any credibility issues with Bryson at trial. *See* Defendants' Response to Plaintiff's Motion to Compel, Exhibit E Email Between Plaintiff's and Defendants' Counsel. Therefore, the Court finds that Defendants' Motion to Compel should be denied. Further, for the reasons stated above, the Court finds Plaintiff's Motion for Leave to Submit Documents for an *In Camera* Review should also be denied.

III. Plaintiff's Motion to Compel

Plaintiff seeks an order from the Court compelling Bryson to produce documents and granting the parties leave to depose Bryson after his document production.[3] Further, plaintiff contends that Bryson is no longer under the risk of criminal prosecution for alleged acts complained of in plaintiff's Fourth Amended Complaint, and, therefore, Bryson should be allowed to revoke his Fifth Amendment right previously asserted during this litigation. Defendants contend that Bryson should not be allowed to revoke his previously asserted Fifth Amendment right and any documents produced by Bryson at this time would be untimely, prejudicial, and disruptive to Defendants' trial strategy. Further, Defendants contend that, pursuant to Federal Rule of Civil Procedure 37, Bryson is prohibited from producing any previously undisclosed documents unless plaintiff and Bryson can show that Bryson's failure to produce during the Court ordered discovery period was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

---

[3] Bryson does not oppose Plaintiff's Motion to Compel, and further, plaintiff, in its reply to Defendants' response to plaintiff's motion to compel, provides a copy of an email thread between Bryson and plaintiff's counsel in which Bryson confirms that he would be sending plaintiff's counsel the requested documentation related to this litigation.

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.")

Having carefully reviewed the parties' submissions, the Court finds that Bryson was substantially justified in not providing the documents during the Court ordered discovery period, because during that period Bryson continued to invoke his Fifth Amendment right against self-incrimination[4] and as a result, Bryson may now produce documents related to this litigation. Specifically, the Court finds that, in the interest of justice, any prejudice to Defendants in allowing Bryson to produce evidence, and be deposed regarding that evidence, is outweighed by the importance of all parties being able to present all sides of this case to the jury. Therefore, the Court finds that Plaintiff's Motion to Compel is moot as to compelling Bryson to produce documents related to this litigation, and that the parties should be granted leave to depose Bryson regarding the documents produced by Bryson.

IV. Motion to Quash

Defendants move this Court for an order quashing plaintiff's Notice of Second Deposition of Bryson and imposing a protective order prohibiting plaintiff from conducting any further discovery in this matter.[5] Alternatively, Defendants ask this Court to continue the trial in

---

[4] Bryson may willingly revoke his Fifth Amendment privilege and produce documents and testify in this matter; however, the Court will not be issuing any ruling as to whether Bryson may or may not be subject to criminal prosecutions based on the allegations against him in plaintiff's Fourth Amended Complaint.

[5] The Court has already determined that the parties should be granted leave to depose Bryson. Therefore, the Court will not be quashing the deposition notice. The Court acknowledges that a deposition has already been scheduled for Friday, January 15, 2016, in Corpus Christi, Texas, where Bryson is currently working. However, the parties may consider rescheduling the deposition to ensure all parties have adequate time to prepare for the deposition. Further, the Court encourages the parties to work out the specifics of scheduling the deposition, such as date and location. The parties should have an equal amount of time deposing Bryson, not to exceed eight (8) hours for the entire deposition.

5

this matter for purposes of reopening discovery and establishing new pre-trial deadlines. Plaintiff opposes a continuation of the trial in this matter.

Having carefully reviewed the parties' submissions, the Court finds that in the interest of justice, a continuance of the trial in this case is necessary in order for the parties to address the discovery issues that have arisen since the close of the discovery deadline in this matter. Specifically, the Court finds that a continuation to the Court's March 2016 trial docket will give the parties a sufficient amount of time to depose Bryson and to submit any additional pre-trial motions as a result of the newly discovered evidence. The Court imposes the following pre-trial deadlines in this matter:

1. Plaintiff to file an amended final list of witnesses, together with addresses and brief summary of expected testimony where a witness has not already been deposed by 01-25-2016;

2. Defendants to file an amended final list of witnesses (as described above) by 01-29-2016;

3. Plaintiff to file an amended final exhibit list by 01-25-2016; defendants to file objections to plaintiff's amended final exhibit list by 01-29-2016;

4. Defendants to file an amended final exhibit list by 01-29-2016; plaintiff to file objections to defendants' amended final exhibit list by 02-05-2016;

5. Discovery to be completed by 02-12-2016;[6]

6. Trial Docket – **March 2016**;

7. Designations of deposition testimony to be used at trial to be filed by 02-19-2016. Objections and counter-designations to be filed by 02-26-2016. Objections to counter-designations to be filed within seven (7) days thereafter.

8. Any additional motions in Limine to be filed by 02-26-2016; **[No replies to motions in limine shall be filed without leave of Court]**

---

[6] The Court will not tolerate any violation of this deadline; any discovery produced after this date, without first seeking leave of Court to do so, will be prohibited from use in this litigation.

9. Any objections or responses to the trial submissions referenced in ¶ 8 to be filed within five (5) days thereafter.

10. The Amended Final Pretrial Report, approved by all counsel, and in full compliance with Local Rules, together with a proposed order approving the report, to be submitted to the Court by <u>02-26-2016</u>.

V.    Conclusion

Accordingly, for the reasons set forth above the Court DENIES: (1) Defendants' Motion for Sanctions Regarding Untimely Disclosed Evidence by Defendant Kelly Bryson [docket no. 369]; (2) Defendants' Motion to Compel Production of Documents and Communications Received by Core Laboratories, LP From Kelly Bryson [docket no. 371]; (3) Plaintiff's Motion for Leave to Submit Documents for *In Camera* Review [docket no. 401]; and (4) Defendants' Motion to Quash Notice of Second Deposition and Motion for Protective Order Preventing Further Discovery and Brief in Support Thereof [docket no. 460]. Further, the Court GRANTS Plaintiff's Motion to Compel Documents and Testimony From Kelly Bryson [docket no. 420] as to granting leave to the parties to depose Bryson and FINDS Plaintiff's Motion to Compel is MOOT as to compelling Bryson to produce documents related to this litigation.

**IT IS SO ORDERED this 14th day of January, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE