## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CORE LABORATORIES LP,      )
                                    )
          Plaintiff,      )
                                    )
v.                           )     Case No. CIV-11-1157-M
                                    )
SPECTRUM TRACER SERVICES,  )
L.L.C., STEVE FAUROT, and    )
KELLY BRYSON,           )
                                    )
         Defendants.     )

## ORDER

Before the Court is Defendants Spectrum Tracer Services, L.L.C. and Steve Faurot's (collectively "Defendants") Motion to Strike Certain Newly Identified Claims from the Amended Final Pretrial Report, filed January 8, 2016. On January 19, 2016, plaintiff responded. Also before the Court is Defendants' Motion for Leave to File Reply to Core's Response to Defendant's Motion to Strike Certain Newly Identified Claims from the Amended Final Pretrial Report, filed January 25, 2016. On January 26, 2016, plaintiff responded in opposition to Defendants' motion to reply. Based on the parties' submissions, the Court makes its determination.

Defendants move the Court to strike newly identified claims of breach of contract against defendant Steve Faurot and unfair competition by misappropriation against both Defendants in the Amended Final Pretrial Report.[1] Defendants contend that while

---

[1] On this same date, the Court entered an Order denying plaintiff's Motion for Leave to File Fifth Amended Complaint [docket no. 452], therefore, the Court finds that plaintiff's claim for breach of contract against defendant Steve Faurot should be struck from all pretrial

plaintiff did allege a claim of unfair competition, plaintiff failed to allege the distinct tort of unfair competition by misappropriation. Specifically, Defendants contend that (1) Texas does not recognize a cause of action for unfair competition by misappropriation; (2) to the extent the cause of action of unfair competition by misappropriation is recognized by Texas, it is preempted by federal patent and copyright laws; (3) plaintiff failed to properly plead its cause of action for unfair competition by misappropriation; and (4) plaintiff should not be able to assert a claim of unfair competition by misappropriation since it prevented discovery regarding an essential element of its claim.

> The law of unfair competition is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters. *American Heritage Life Ins. Co. v. Heritage Life Ins. Co.,* 494 F.2d 3, 14 (5th Cir.1974). Misappropriation is a branch of the tort of unfair competition which involves the appropriation and use by the defendant, in competition with the plaintiff, of a unique pecuniary interest created by the plaintiff through the expenditure of labor, skill and money.

*Seatrax, Inc. v. Sonbeck Int'l, Inc.,* 200 F.3d 358, 367-68 (5th Cir. 2000). In its Fourth Amended Complaint, plaintiff alleges:

> Defendants are unlawfully competing against Core by Defendants' misappropriation, disclosure, and use of Core's confidential, proprietary and trade secret Software Applications, information, and/or Core's proprietary products.

---

submissions as well. The Court will only address Defendants' contention that plaintiff's claim of unfair competition by misappropriation should be struck from the Amended Final Pretrial Report.

> Defendants' conduct demonstrates their intent to promote Defendants' own interests at Core's expense and to Core's detriment. Core has a unique and pecuniary interest in the confidential and trade secret Software Applications, information, and proprietary products that Defendants unlawfully misappropriated and used. Core created this confidential and trade secret information through the expenditure of labor, skill, time and money.

Plf.'s Fourth Am. Compl. ¶¶ 58 & 59.

Having reviewed the parties' submissions, as well as plaintiff's Fourth Amended Complaint, the Court finds that Count Three – Unfair Competition of plaintiff's Fourth Amended Complaint sufficiently put Defendants on notice that plaintiff was alleging an unfair competition by misappropriation claim.[2] Specifically, the Court finds that while Count Three of plaintiff's Fourth Amended Complaint generally alleges unfair competition in the title, plaintiff includes, in the subsequent paragraphs, qualifying language to identify that it was alleging unfair competition by misappropriation. *See Seatrax,* 200 F.3d at 368 ("Seatrax's general allegation of unfair competition without additional qualifying language to identify a specific cause of action under unfair competition did not provide adequate notice of its claim."). Therefore, the Court finds that plaintiff's unfair competition by misappropriation claim should not be struck from the Amended Final Pretrial Report.

Accordingly, for the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Strike Certain Newly Identified Claims from

---

[2] Defendants' assertions, other than plaintiff failed to properly plead its cause of action for unfair competition by misappropriation, will not be addressed by the Court in this Order, as a motion to strike is not the proper motion to dispose of assertions. These assertions should have been raised in a dispositive motion.

the Amended Final Pretrial Report [docket no. 465] and STRIKES plaintiff's claim of breach of contract by defendant Steve Faurot in the Amended Final Pretrial Report [docket no. 360]. Further, since the Court struck plaintiff's breach of contract claim against defendant Steve Faurot and found that plaintiff gave adequate notice to Defendants of its unfair competition by misappropriation claim in its Fourth Amended Complaint, the Court finds no further briefing is necessary on these issues and DENIES Defendants' Motion for Leave to File Reply to Core's Response to Defendants' Motion to Strike Certain Newly Identified Claims from the Amended Final Pretrial Report [docket no. 480].

**IT IS SO ORDERED this 19th day of February, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE