**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CORE LABORATORIES LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-1157-M |
| | ) | |
| SPECTRUM TRACER SERVICES, | ) | |
| L.L.C., STEVE FAUROT, and | ) | |
| KELLY BRYSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Core Laboratories LP's ("Core") Motion for Spoliation Sanctions against Defendants Spectrum Tracer Services, L.L.C. ("Spectrum"), Steve Faurot ("Faurot") and Kelly Bryson ("Bryson") and Supporting Memorandum, filed September 21, 2015. On October 5, 2015, Defendants Spectrum and Faurot filed their response, and on October 8, 2015, Core replied. Based on the parties' submissions, the Court makes its determination.

Core moves this Court to enter an order imposing spoliation sanctions against all defendants in this matter. Specifically, Core contends that defendants had a duty to preserve evidence in the wake of and after this litigation commenced[1], and identifies three instances in which defendants allegedly intentionally destroyed relevant evidence in this matter. These instances include: (1) lost emails relating to correspondence between Spectrum and Tulsa

---

[1] Core identifies an email, dated February 3, 2013, between Bryson and Faurot, in which Bryson acknowledges that Bryson and Faurot had concerns about Core suing them in response to the formation of Spectrum. *See* Mot. Exhibit 1, February 3, 2013 email between Bryson and Faurot. Core contends that this email demonstrates that Bryson and Faurot knew there was potential for litigation between defendants and Core, and defendants should have taken measures back then, prior to the suit being filed, to preserve all relevant evidence to this matter.

Precision Machine ("TPM");[2] (2) deleting computer files from Spectrum employee, Brent Morrison's ("Morrison"), hard drive; and (3) wiping files from Bryson's computer. Spectrum and Faurot contend that Core has not identified any relevant evidence that has been lost nor can it identify any prejudice it has suffered by defendants' actions.

Federal Rule of Civil Procedure 37 governs parties' actions in failing to preserve electronically stored information:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> **(A)** presume that the lost information was unfavorable to the party;
> **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
> **(C)** dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). Further, "[s]poliation sanctions are proper when '(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.'" *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009) (citing *Burlington N. & Santa Fe Ry. Co. v. Grant,* 505 F.3d 1013, 1032 (10th Cir.2007)).

---

[2] TPM was Spectrum's original pump manufacture. Glenn Brown ("Brown"), Spectrum's Chief Financial Officer, managed TPM. On September 24, 2013, Brown dissolved TPM, by filing an Articles of Dissolution form with the Oklahoma Secretary of State. TPM sold its assets to Rise Manufacturing, LLC.

Core contends that the Court should impose spoliation sanctions against defendants for their actions resulting in the loss of Spectrum's emails after this lawsuit was filed.[3] Specifically, Core contends that because of Spectrum's loss of emails prior to June 2011, Spectrum could not produce any correspondence between it and TPM regarding the manufacturing of Spectrum's pumps.[4] Defendants contend that evidence related to Spectrum and TPM has been produced in this litigation and that Core cannot point to any other communications that existed between Spectrum and TPM and, therefore, has not shown any prejudice it has suffered because of not having access to the lost emails.

Having carefully reviewed the parties' submissions, the Court finds that Core has shown it was prejudiced by not having access to Spectrum's emails prior to June 2011. Specifically, the Court finds that this litigation was initiated on March 11, 2011, and Brown testified that relatively quickly after this lawsuit was filed, Spectrum took steps to change its email service provider to ensure every Spectrum email was captured to comply with the requirements of this lawsuit. While Brown testified that Spectrum's previous email service provider did not have the capability to capture archive emails, the Court finds it was not unreasonable for Spectrum to have taken steps to ensure that any emails prior to switching over to its new email service

---

[3] After this lawsuit was filed, Spectrum changed its email service provider and, as a result, all of Spectrum's emails prior to the filing of this lawsuit were lost in the process. *See* Mot. Exhibit 4, Deposition testimony of Glenn Brown at 237 ln. 17 – 239 ln. 17.

[4] Core alleges that Spectrum misappropriated its trade secrets including its equipment used for tracing services. Faurot, in his deposition testimony,y testified that TPM was given a Core pump, which was in Bryson's possession, to use as a prototype to manufacture pumps for Spectrum. *See* Mot. Exhibit 3, Deposition of Steve Faurot at 42 ln.25 – 43 ln.8.

provider were saved.[5] The Court infers that because all emails prior to June 2011 were lost, emails regarding the formation of Spectrum and the manufacturing of its tracing systems would have been lost too. Since Faurot has confirmed that TPM used one of Core's pumps as a prototype to produce Spectrum's pumps, the Court finds that the lack of information available because of Spectrum's email loss is prejudicial to Core. The Court finds an appropriate sanction would be an adverse inference jury instruction presuming any potential communications, via email, between Spectrum and Core that were lost due to Spectrum changing its email service provider would have been unfavorable to Spectrum.

Core also contends that sanctions should be imposed against defendants for actions taken by Spectrum in deleting files from Morrison's hard drive and wiping Bryson's computer. Specifically, Core contends that approximately 35 files were deleted from Morrison's hard drive one day after Core filed its Emergency Motion to Lift and Sever in response to Spectrum employee, Michael Swanson ("Swanson"), contacting Core and informing it that its proprietary software had been found on Morrison's hard drive. Defendants contend that the files deleted from Morrison's hard drive were all personal files.[6] Further, Core contends that Spectrum wiped computer files from Bryson's computer in the mist of the litigation. Defendants contend that Spectrum employees did the wiping of Bryson's computer as a normal repair process and not for the purpose of destroying evidence related to this litigation.

---

[5] In his deposition, Brown testified that Spectrum asked its former email provider to do what it could to preserve its emails; however, only a few were preserved and no emails from TPM were saved. *See* Mot. Exhibit 4, Deposition of Glenn Patrick Brown at 24 ln. 2 – 9.

[6] In his Affidavit, Morrison declares that he purchased the hard drive for personal use prior to working for Spectrum and used the hard drive as a backup for his personal files, including e-books, programs, video games, and ISO and pdf files. *See* Defs. Resp. Exhibit 4, Sworn Declaration of Brent Morrison ¶¶ 3-4.

Having carefully reviewed the parties' submissions, the Court finds that Core was not prejudiced by Spectrum's actions of deleting files from Morrison's hard drive or wiping files from Bryson's computer. Specifically, the Court finds that defendants admitted that Morrison's personal files were deleted from the hard drive and, further, the hard drive was turned over to Core and has been the subject of an ongoing forensic analysis, during this litigation, to recover all of Core's proprietary software from the hard drive. The Court finds it was reasonable for Morrison's personal files to be deleted before the hard drive was turned over to Core and that there was no bad faith on the part of defendants in deleting Morrison's personal files. Further, Core presented no evidence of the possible documents that could have been on the hard drive that could have been deleted, therefore, Core suffered no prejudice in defendants deleting Morrison's personal files. As to Spectrum wiping Bryson's computer, the Court finds that there was no bad faith in this action either. Swanson testified in his deposition that Bryson was having computer problems and it was decided that the machine was going to be wiped. *See* Mot Exhibit 9, Deposition of Michael Swanson at 56 ln15-20. Further, Swanson testified that anything needed to be kept from Bryson's computer was exported to an external hard drive prior to Bryson's computer being wiped. *See id.* While Core alleges that computer files were wiped from Bryson's computer, it does not allege that the files on Bryson's computer were lost forever, and, therefore, relevant evidence from Bryson's computer could not be produced in this litigation. As a result, the Court finds there was no prejudice to Core by Bryson's computer being wiped during this litigation.

Accordingly, for the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Core's Motion for Spoliation Sanctions Against Spectrum, Faurot, & Bryson & Supporting Memorandum [docket no. 294] as follows: the Court GRANTS Core's motion for

spoliation sanctions as to defendants' actions in not preserving emails relevant to this litigation prior to June 2011 and IMPOSES the sanction of an adverse inference jury instruction that any emails not produced between Spectrum and TPM are presumed to be unfavorable to Spectrum and DENIES Core's motion for spoliation sanctions on all other grounds.

**IT IS SO ORDERED this 7th day of March, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE