## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORE LABORATORIES LP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-11-1157-M ) |
| SPECTRUM TRACER SERVICES, L.L.C., STEVE FAUROT, and KELLY BRYSON, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Defendants Spectrum Tracer Services, L.L.C. and Steve Faurot's (collectively, "Defendants") Motion to Reconsider and Offer of Proof Regarding the Video Deposition of Keith Moon and Kevin Fisher, filed March 17, 2016. On March 18, 2016, plaintiff responded. Based on the parties' submissions, the Court makes its determination.

Defendants move this Court to reconsider its ruling sustaining plaintiff's objections to portions of the deposition testimonies of Keith Moon ("Moon") and Kevin Fisher ("Fisher"). Specifically, Defendants request the Court to reconsider its ruling prohibiting Moon and Fisher, as lay witnesses, from referring to whether plaintiff regarded its tracing technology as "secret," in the context of it being a trade secret. Defendants seek to introduce the deposition testimonies of Moon and Fisher to show the efforts taken by plaintiff in keeping its tracing technology a secret. Plaintiff contends that the Court's ruling on plaintiff's Motion *In Limine* No. 1, limiting opinion testimony of whether Core's tracing technology was a trade secret to qualified experts, and its ruling sustaining plaintiff's objections to Defendants' deposition designations of Moon and Fisher were correct, and, therefore, the Court should deny Defendants' motion.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed the parties' submissions, the Court finds that it now has a complete understanding of why Defendants seek to introduce the deposition testimonies of Fisher and Moon, and in order to prevent a manifest injustice, the testimonies of Fisher and Moon as to the efforts plaintiff took to keep its tracing technology secret should be admitted. The Court further finds that the designated testimonies at issue here are not based on scientific, technical, or other specialized knowledge of Fisher and Moon, but are based on Fisher and Moon's personal knowledge and experience with plaintiff's tracing technology. The Court finds this testimony is well within the confines of Federal Rule of Evidence 701. Therefore, the Court reverses its ruling regarding the following deposition designations of Moon and Fisher: (1) Page 16, line 16-25, page 17, lines 9-19, page 22, lines 2-8, page 30, lines 4-14 of Moon's deposition and (2) Page 57, lines 12-15, page 57 line 18 – page 58, line 1, and page 66, lines 3-5 of Fisher's deposition. Further, the Court will give a limiting instruction to the jury prior to the showing of Moon and Fisher's deposition testimonies as follows:

> In the following video deposition testimony of Keith Moon [Kevin Fisher] there will be instances when Moon [Fisher] discusses his thoughts as to whether plaintiff's tracing technology was regarded as a secret or trade secret. Moon [Fisher]'s opinions are not being introduced to prove that Core's tracing technology was (or was not) a trade secret but to show the efforts Core took in keeping its tracing technology secret.

Accordingly, for the reasons set forth above, the Court GRANTS Defendants' Motion to Reconsider and Offer of Proof Regarding the Video Deposition of Keith Moon and Kevin Fisher [docket no. 571], VACATES its rulings in its March 14, 2016 Order as to plaintiff's objections to Defendants' deposition designations of Keith Moon and Kevin Fisher, as stated above, and OVERRULES plaintiff's objections to Defendants' deposition designations of Keith Moon and Kevin Fisher, as stated above.

**IT IS SO ORDERED this 21st day of March, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE