## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORE LABORATORIES LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-1157-M |
| | ) |
| SPECTRUM TRACER SERVICES, | ) |
| L.L.C., STEVE FAUROT, and | ) |
| KELLY BRYSON, | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

Before the Court is Plaintiff's Motion for Reconsideration, filed March 21, 2016. On March 22, 2016, during the trial in this matter, the Court heard oral argument from the parties regarding plaintiff's motion. Based on the plaintiff's motion and arguments at trial, the Court makes its determination.

Plaintiff moves this Court to reconsider its ruling concerning defendant Steve Faurot's ("Faurot") Motion *In Limine* seeking to preclude any testimony regarding whether defendants' conduct in this matter was "right," "wrong," "ethical," or "unethical." Plaintiff specifically contends that the Court's proposed jury instructions regarding improper means places the rightness or ethicality of defendants' behavior at issue in this matter and, therefore, plaintiff should be allowed to present evidence to prove the element of improper means.[1] Defendants

---

[1] The Court has conducted two jury instruction conferences with the parties thus far, and the parties have not objected to the Court's proposed jury instruction of Misappropriation of Trade Secrets – Improper Means, which states:

> A person discovers another's trade secrets through improper means by acting below the generally accepted standards of commercial morality and reasonable conduct. Improper means of acquiring another's trade secret include theft, fraud, breach of confidence, and other means either wrongful in themselves or wrongful under the circumstances of the case. For defendants to have discovered a

Spectrum Tracer Services, L.L.C. and Steve Faurot (collectively, "Defendants") contend that whether any alleged trade secrets were discovered through improper means is to be determined by the jury. Defendants specifically contend that allowing a lay person to testify as to whether Defendants' conduct was right or wrong or ethical or unethical would confuse the jury as to plaintiff's burden of proof and be highly prejudicial.

Having carefully reviewed the parties' submissions, and having considered the arguments at trial, the Court finds it is appropriate to clarify its ruling on Faurot's Motion *In Limine*. Plaintiff is not precluded from presenting evidence to meet the element of improper means, the Court only precludes plaintiff from using highly prejudicial terms that have the potential to confuse the jury as to plaintiff's burden of proof. Specifically, plaintiff may present evidence that Defendants' actions fell below the generally accepted standards of commercial morality and reasonable conduct; however, the Court finds that to the extent plaintiff can present this evidence without referring to the propriety of Defendants' conduct it should do so. Further, the Court finds that in order to limit the potential for prejudice against Defendants, or jury confusion as to plaintiff's burden of proof, the Court will provide the following limiting jury instruction for witnesses presented by video deposition addressing this matter:

> As the jury, you may consider the witnesses' testimony regarding what are generally accepted standards in acquiring trade secrets or property. The witnesses are not offering a legal or expert opinion, and, therefore, you should disregard the witnesses' opinion as to whether defendants' actions fell below these generally accepted standards.

Accordingly, for the reasons set forth above, the Court DENIES Plaintiff's Motion for Reconsideration [docket no. 580] and CLARIFIES its ruling on Faurot's Motion *In Limine* as

---

trade secret by improper means, defendants must have known or had reason to know that the information was a trade secret.

follows: plaintiff may introduce evidence as to whether Defendants acted below the generally accepted standard of commercial morality and reasonable conduct; however, to the extent possible, plaintiff should refrain from introducing evidence referencing the propriety of Defendants' conduct.

**IT IS SO ORDERED this 23rd day of March, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE